## CIRCUIT COURT OF PRINCE WILLIAM COUNTY

In re Four Accountings
of Trustees' Sales Made by
Robert Goulder and
Kelli Tyns-Washington

September 18, 1996

BY JUDGE CARLETON PENN

This matter was argued before this court on September 16, 1996, on exceptions filed to the Report of the Commissioner of Accounts. At the conclusion of said hearing, counsel for the Trustees advised the court that a trial is scheduled for September 19, 1996, before the Federal Court in Alexandria, at which a ruling by this court relating to said exceptions is essential for the disposition of the Federal case.

The exceptions of the Trustees assert:

1. The Report does not "state, settle, and report to the Court the transactions" of the fiduciaries here, as required by Section 26-15 of the Code of Virginia.

2. Unpaid real estate taxes here are not proper grounds for the Commissioner's action.

3. Trustee Goulder's signature on the accounting is not required for the Commissioner to settle the accounts.

4. Trustee Goulder's actions did not violate any duty resting upon him.

5. The Commissioner is in error in refusing to approve the accountings because of the alleged failure of the Trustees to give the notemakers "a statement itemizing the amounts due prior to the sale at their request."

The obligor filed his Exception on the ground that the fee of the Commissioner should be assessed against the Substitute Trustee(s) and not against the obligor, R. B. Thomas, Jr.

The court is of the opinion that the settlement of the accounts of trustees under security deeds of trust before Commissioners of Accounts does not contemplate opening the door to allow any irregularity in the procedures

involved in the sale to serve as a ground for refusal by the Commissioner to approve such an account. The Commissioner must look to the accounting itself. Those matters outside of the accounting, although they may be unlawful, should be the subject of other judicial determination.

Manifestly, the real estate taxes on the properties were not paid until last month. The foreclosures were on September 20, 1995, almost a year ago. Presumably, the amounts of taxes due at the time of sale were not the same as those paid last month because of the accrual of penalties and interest. It was the duty of the Trustees to file with the Commissioner suitable vouchers showing payment of the taxes or cancelled checks. (There was, apparently, some dissembling on the part of the Trustees where the Commissioner of Accounts was told that "cancelled checks . . . were being compiled . . ." before the taxes were finally paid.) There was no duty upon the Commissioner to do the work of the Trustees.

Both Trustees did not sign the prior accountings although a recent set of accountings has now been filed signed by both Trustees.

While the notes secured by the deeds of trust foreclosed were filed with the Commissioner, there was no documentation filed to show interest and late charges, attorneys' fees, if any, and the like. It is incumbent upon the Trustees to furnish an exact itemization of the amount due at foreclosure and not to simply say "we gave credit upon the principal." The Trustees are under a duty to note upon the face of an obligation the amount due thereunder as a result of the credit derived by foreclosure. That cannot be done unless the noteholder provides that information to the Trustees.

While not a ground stated for rejection of the accounts, the court saw no auctioneer's certificates in the file.

The court assesses the fee of the Commissioner against the Trustees because of their failure, even with the guidance of the Commissioner, to file correct accountings. Let corrected accounts with requisite vouchers be filed forthwith by the Trustees.