# CIRCUIT COURT OF TAZEWELL COUNTY

In re Foreclosure
of Deed of Trust
from Donna Bailey
and Steven Bailey

June 26, 2007

BY JUDGE TERESA M. CHAFIN

The Court has completed its review of the above-referenced case. This case concerns an issue arising from a foreclosure sale by Substitute Trustees of property formerly belonging to Donna and Steven Bailey which was encumbered by a Deed of Trust. The issue in this case is whether a Commissioner of Accounts may require the trustees to characterize the apparent amount remaining due after application of the credits from the foreclosure sale as a "balance due" or a deficiency in an accounting of a foreclosure sale in which the lender was the successful bidder and the trustees received no sale proceeds.

The Commissioner of Accounts relies on the circuit court case *In re Four Accountings*, 40 Va. Cir. 324, 1996 Va. Cir. LEXIS 377 (Prince William, 1996). In that case, the court ordered the trustees to file corrected accountings with requisite vouchers. The case held that settlement of the accounts under security deeds of trust before the commissioner did not contemplate opening the door to allow any irregularity in the procedures involved in the foreclosure sales to serve as a ground for refusal by the commissioner to approve the accountings and the commissioner had to look to the accounting itself. In the immediate case, there is no question regarding the accuracy or veracity of the accounting provided to the Commissioner. It is not alleged that the case at bar is deficient in this area. The Substitute Trustees have prepared and submitted an accounting of the foreclosure sale that appears proper on its face. The question arises with regard to whether the trustees must delineate any amounts that appear as deficiencies as a "balance due." The Court in *In re Four*

*Accountings* held that "it was incumbent upon the trustees to furnish an exact itemization of amounts due at foreclosure." In this case, the trustees provided an accounting that provided an easily calculable apparent "balance due" of $12,823.25 after the application of the credit on the note. The Trustees believe that it would be improper for them to characterize such amount as a "balance due," or a deficiency. This has resulted in the Commissioner's finding that the trustees in this case must file an accounting that lists the deficiency in the trustees' sale as a balance due.

In an effort to follow "Best Practices" in the industry, Mr. Steven L. Higgs has followed the *Manual for Commissioners of Accounts* (3d ed. 2004, Supp. 2006) to the letter as it applies in this case. While this publication is useful in evaluating procedures involving commissioners of accounts, it is not dispositive and does not carry the force of law. The *Manual* was published by the Virginia Law Foundation on behalf of the Standing Committee on Commissioners of Accounts established by the Judicial Council of Virginia in January 1993. It is not an official document of the Supreme Court of Virginia or the judicial branch of the Commonwealth of Virginia, but is frequently utilized as a guide for practitioners. The *Manual* states that "there should be no statement on the account of any remaining balance due under the terms of the note (deficiency). This amount, if any, must be determined by a court in a proper procedure. The claimed deficiency has no place on the trustee's accounting, which is an account of the money received by the trustee." *Manual*, § 16.8, p. 213 (3d ed. 2004, Suppl. 2006). The Court finds merit in the *Manual* and its instruction.

Holding that a Commissioner should decline to approve the accounting based the failure of the trustee to characterize an amount as a "balance due" is a semantics issue that defeats the overarching express holding in *In re Four Accountings* that "A settlement of the accounts of trustees under security deeds of trust before the Commissioners of Accounts does not contemplate opening the door to allow any irregularity in the procedures involved in a sale to serve as a ground for refusal by the Commissioner to approve such an account." In addition, and most importantly, there has been no failure here of the noteholder or the Substitute Trustees to provide the information necessary to determine the exact amount remaining due after the foreclosure sale. The Substitute Trustees have accurately accounted for the funds involved in the sale and have provided both an "exact itemization of the amount due at foreclosure" and the amount of the credit resulting from the sale.

The Commissioner shall approve the accounting as presented by the Substitute Trustees.